UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Bobby V. Addison

    v.                                      Civil No. 15-cv-137-JD
                                                                   Opinion No. 2016 DNH 008

FCI Berlin, Warden


O R D E R

Bobby V. Addison, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding on the grounds that he was not allowed to call witnesses to testify at his hearing and that the record evidence does not support the decision.[1]  The Warden moves to dismiss the petition on the grounds that Addison had no due process right to call the victim to give live testimony at the hearing and that sufficient evidence supports the hearing officer's decision.  Addison did not file a response to the motion to dismiss.

---

[1] Addison filed another petition seeking relief under § 2241 from a prison disciplinary decision, Addison v. Warden, 15-cv-159-JD, which has been dismissed.  Addison also brought a claim in that case under the Federal Tort Claims Act, which was docketed separately.

Standard of Review

A complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations, taken in the light most favorable to the plaintiff, fail to show that the plaintiff may recover under a plausible claim. Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015). To decide a motion under Rule 12(b)(6), the court considers any documents submitted with or incorporated into the complaint. Id.

Background

Addison was incarcerated in the Special Housing Unit at the Federal Correctional Facility in Fairton, New Jersey, when the incident at issue in this case occurred.[2] The video surveillance system recordings showed that during the evening of February 2, 2014, Addison and another inmate had an argument. Addison followed the other inmate back to his cell and entered that inmate's cell. Addison was inside the cell for about two and a half minutes, during the time when the other inmate was punched in the face.

The other inmate accused Addison of punching him. Addison denied that he had punched the other inmate. The investigation into the incident concluded that Addison punched the other

---

[2]Addison is now held at the Federal Correctional Facility in Berlin, New Hampshire.

inmate while he was in the cell. Addison was charged with assault without serious injury, Offense Code 224.

The hearing on the charge was held on March 13, 2014. Addison requested and was provided a staff representative for the hearing. Addison also asked to call the victim to testify as a witness at the hearing.

The victim was not called as a witness at the hearing because he had been interviewed during the investigation and the disciplinary hearing officer decided that the victim's "knowledge of the incident was adequately contained in the investigative materials." The disciplinary hearing officer also stated that the victim's statement did not support Addison's "version of events." Based on the results of the investigation, the disciplinary hearing officer concluded that Addison assaulted the victim as charged. Addison appealed that decision, but his appeal was denied.

## Discussion

In support of his petition under § 2241, Addison contends that his due process rights were violated when he was not allowed to call the victim to testify at the disciplinary hearing and that the evidence was insufficient to support the hearing officer's decision. The Warden moves to dismiss, arguing that no due process violation occurred and that

sufficient evidence supports the disciplinary hearing officer's decision.

A.  Witness Testimony

A prisoner has a due process right to call witnesses in a hearing on a charge that may result in the loss of good-time credits "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "Prison officials [may] keep the hearing within reasonable limits and [may] refuse to call witnesses that may create a risk of reprisal or undermine authority." Id.; accord Ponte v. Real, 471 U.S. 491, 495-96 (1985). A prison hearing officer does not violate a prisoner's due process rights by refusing to call a witness whose testimony would be cumulative of other evidence in the record. Holland v. Goord, 758 F.3d 215, 224-35 (2d Cir. 2014).

In this case, the disciplinary hearing officer explained that the victim was not called as a live witness, as Addison requested, because he had provided his "knowledge of the incident" in an interview, which did not support Addison's defense that he had not punched the victim. As such, the victim's live testimony would have been cumulative of his statement given during his interview. Therefore, the hearing

4

officer permissibly decided not to call the victim as a witness, which did not violate Addison's due process rights.

B.  Sufficiency of the Evidence

Addison contends that the record lacks a statement that the victim accused him of assault, making the evidence insufficient to support the decision.  The Warden asserts that the evidence was sufficient to support the hearing officer's conclusion that Addison assaulted the victim.

The decision of a prison disciplinary hearing officer that results in the loss of good-time credits must be supported by "some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  "This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  Id. at 455 (internal quotation marks omitted).  Stated in other terms, "the relevant question is whether there is any evidence in the record that could support the conclusion of the disciplinary board."  Id. at 455-56.

The hearing officer relied on the investigating officer's report, the staff investigation that corroborated that report, and the health services report of the injuries to the victim. The investigating officer concluded that Addison argued with the victim, followed the victim into his cell, and struck the victim

in the face with a closed fist while in the cell.  The health services report documented bruising to the victim's brow, orbital area, and cheek.  Therefore, the evidence was sufficient to support the hearing officer's decision.

## Conclusion

For the foregoing reasons, the Warden's motion to dismiss (document no. 10) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

January 11, 2015

cc:   Bobby V. Allison, pro se
      Seth R. Aframe, Esq.